**Alyce L. HIGGS, Appellant,**

v.

**Cyrus HIGGS, Appellee.**

**No. 83–484.**

District of Columbia Court of Appeals.

Argued Dec. 19, 1983.

Decided Feb. 13, 1984.

Vincert J. Branson, Silver Spring, Md., with whom Bernard Jay Williams, Silver Spring, Md., was on the brief, for appellant.

Stephen Horn, Washington, D.C., with whom John F. Conroy, Washington, D.C., was on the brief, for appellee.

Before KERN and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

GALLAGHER, Associate Judge, Retired:

On September 2, 1980, appellant, Alyce Higgs, filed suit in Superior Court against appellee, Cyrus Higgs, and co-defendant, William Higgs. Appellant asserted, *inter alia*, that co-defendants had conspired to defraud her of $130,000. In April of 1981, the trial court entered orders granting dismissal of the complaint as to William Higgs for lack of personal jurisdiction and dismiss-al of the fraud count against appellee for failure to plead that action with the particularity required by Super.Ct.Civ.R. 9(b). Pursuant to Super.Ct.Civ.R. 15, appellant was granted twenty days to amend her fraud claim.

Appellant filed an amended complaint within twenty days of the court's order, but, on September 4, 1981, the court entered another order granting appellee's renewed motion to dismiss the fraud action for failure to plead with particularity. Appellant's subsequent motion for leave to file an amended complaint was denied. In March of 1983, the trial court entered an order granting appellee's motion to dismiss the remaining counts in appellant's complaint.[1] Appellant contends that all of the lower court rulings were error. We reverse and remand in part and affirm in part.

■ Appellant first contends that the lower court erred in granting appellee's motion to dismiss the fraud count set forth in the amended complaint. As provided in Super.Ct.Civ.R. 9(b), an allegation of fraud must be stated with particularity. In other words, a pleader "must allege such facts as will reveal the existence of all the requisite elements of fraud." *Bennett v. Kiggins,* 377 A.2d 57, 59–60 (D.C.App.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978). The essential elements of fraud are: (1) a false representation, (2) concerning a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) upon which reliance is placed. *Blake Construction Co. v. C.J. Coakley Co.,* 431 A.2d 569, 577 (D.C.App. 1981); *Bennett v. Kiggins, supra,* 377 A.2d at 59.

In her amended complaint, appellant alleged that appellee's brother and co-defendant, William Higgs, had married her solely to secure her rather substantial assets. According to the averments, shortly after their marriage, appellant added William Higgs as a party to a savings account that she had recently opened at a local savings

1. Counts 2, 3 and 4 of appellant's complaint alleged, respectively, breach of fiduciary duty, intentional infliction of emotional distress, and breach of an antenuptial contract.

and loan institution. All funds in the account belonged to appellant, and she allegedly provided William Higgs with access to the account only for emergency situations. Appellant alleged further that approximately one month after their marriage, William Higgs confiscated the passbook to the savings account, withdrew $130,000, and absconded to appellee's home in Bolivar, Tennessee. Appellee and William Higgs then deposited the money in joint bank accounts in various banks in Bolivar. The brothers allegedly had equal control over the funds.

Appellant traveled to Tennessee and demanded that the money be returned, but according to the amended complaint, appellee and his brother refused the demand. Appellee, it was alleged, stated that the money would not be returned, because his brother had a greater need for it than appellant. Several days later, appellee transferred $6,000 from a jointly held savings account in Bolivar to his brother who had returned to the District of Columbia. Shortly thereafter, on July 29, 1980, William Higgs allegedly received a letter from appellee informing him that the funds were secure. As averred in the amended complaint, William Higgs then departed from the District of Columbia, and neither he nor the funds have been located since his departure.

■ In entering an order dismissing the fraud action against appellee, the lower court concluded that appellant had failed to allege with particularity facts that would satisfy the requisite elements of an action for fraud. Our review of the record, however, demonstrates that the court failed to consider whether the amended complaint alleged appellee's liability as a participant in a conspiracy to defraud. The court, instead, focused on whether the pleading stated an independent action for fraud against appellee. Viewing the pleadings in this light was improper, as civil liability for fraud can be based upon participation in a conspiracy to defraud. *See International Underwriters, Inc. v. Boyle*, 365 A.2d 779,

784 (D.C.App.1976); *Lamont v. Haig*, 192 U.S.App.D.C. 8, 20 n. 73, 590 F.2d 1124, 1136 n. 73 (1978). It is not necessary to aver facts against an alleged conspirator that satisfy all of the elements of fraud. Rather, a cause of action for civil conspiracy must allege the formation and operation of the conspiracy, wrongful acts done in furtherance of the common scheme, and damages suffered as a result. *See Chase Manhattan Bank v. Perla*, 65 A.D.2d 207, 211, 411 N.Y.S.2d 66, 69 (N.Y.App.Div.1978); *Chicago Title Ins. Co. v. Great Western Financial Corp.*, 69 Cal.2d 305, 315, 444 P.2d 481, 488, 70 Cal.Rptr. 849, 856 (Cal.1968) (*en banc*).

■ A review of appellant's amended complaint demonstrates that appellee's involvement in a conspiracy to defraud was pleaded with particularity. Specifically, it was alleged that appellee and his brother formed and operated a conspiracy that resulted in damage to appellant. Appellee, it was averred, was aware that his brother had defrauded appellant of $130,000 and he nevertheless exercised control over these funds in order to make them "secure." Appellee's alleged transfer of $6,000 to his brother, his refusal to return the funds to appellant, and his purported mailing of a letter to his brother in which he stated that the funds were secure are particular averments alleging participation in a conspiracy to defraud. These allegations stated a cause of action against appellee. It was error, therefore, for the trial judge to have dismissed the action. The ruling on the fraud count is reversed, and the action is remanded for further proceedings.

■ Appellant also contends that the lower court erred in dismissing the remaining counts against appellee that were alleged in the amended complaint. She asserts that appellee's filing of a motion to dismiss for lack of personal jurisdiction pursuant to Super.Ct.Civ.R. 12(b)(2) barred him from filing the subsequent motion to dismiss for failure to state a claim upon which relief could be granted. This argument is without merit, as Super.Ct.Civ.R. 12(g) and

(h)(2) provide that the defense of failure to state a claim upon which relief can be granted is not waived by prior assertion of any of the defenses enumerated in Super. Ct.Civ.R. 12(b).

Dismissal for failure to state a claim upon which relief can be granted is appropriate if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Owens v. Tiber Island Condominium Association,* 373 A.2d 890, 893 (D.C.App. 1977) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). Counts 2, 3 and 4 of the amended complaint, which stated actions against William Higgs for breach of fiduciary duty, intentional infliction of emotional distress, and breach of an antenuptial contract, did not contain any allegations against appellee. These actions arose out of the marital relationship between appellant and William Higgs and clearly did not entitle appellant to relief from appellee. The lower court's dismissal of these counts against appellee was proper.

*Reversed and remanded in part for further proceedings and affirmed in part.*