Lynn **BAKER**, Plaintiff,

v.

**A.H. ROBINS COMPANY, INC.**, Defendant.

**Civ. A. No. 83–3533.**

United States District Court, District of Columbia.

July 17, 1985.

Gary S. Mininsohn, Rockville, Md., for plaintiff.

David A. Kikel, Washington, D.C., for defendant.

# MEMORANDUM AND ORDER

· JACKSON, District Judge.

Plaintiff brings this suit for injuries which she allegedly sustained as a result of her use of the Dalkon Shield, an intrauterine birth control device manufactured and marketed by defendant A.H. Robins Company, Inc. ("Robins") in the early 1970's. It is undisputed that the device was initially inserted in plaintiff's uterus in 1971, and that she wore it without incident until April, 1975, when she experienced difficulties which led to its removal and a diagnosis of pelvic inflammatory disease ("PID"). On January 3, 1980, after having read articles on the subject, plaintiff wrote to Robins asserting her entitlement to compensation for the physical and emotional harm caused her by the IUD, and her letter was forwarded to the Aetna Casualty & Surety Company, Robins' insurer, which later that year paid her $15,000 for her injuries. The instant suit was filed on November 25, 1983, demanding further compensation for her belatedly discovered inability to bear children.

Defendant moves for summary judgment on the ground that the suit is barred by the applicable statute of limitations. As the moving party, defendant bears the burden of demonstrating that there exists no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Catrett v. Johns-Manville Sales Corp.,* 756 F.2d 181, 184 (D.C.Cir.1985); *McKinney v. Dole,* 765 F.2d 1129, 1134 (D.C.Cir.1985). Upon consideration of the pleadings and other materials submitted by both parties, the Court will grant defendant's motion.[1]

---

1. Plaintiff having failed to file with her pleadings in opposition to the motion a statement of genuine issues in dispute, and defendant having adequately supported its motion by reference to "affirmative" evidence of record, the Court takes the facts in defendant's statement of material facts as established. *See* Local Rule 1–9(i).

The remaining facts are arguably in dispute. Plaintiff contends by an afterthought affidavit that she was unaware of any possible injuries other than PID resulting from her use of the Shield, and that she first discovered that she was also infertile in January, 1981. She also now denies that she signed a release absolving Robins from liability for any and all injuries when she accepted payment from Aetna, and asserts that Aetna's representative assured her that she could obtain more compensation if she could prove further injury.

Defendant contends, to the contrary, that plaintiff stated as early as 1980 her suspicion that she might be infertile. It also maintains that she did, in fact, sign a full release prior to receiving the $15,000 settlement, although the original document has apparently been misplaced and would have to be proved by secondary evidence.

██ Under District of Columbia law, an action for negligence, strict liability or misrepresentation must be brought within three years after a cause of action accrues. D.C.Code § 12–301(8). Ordinarily a cause of action is said to accrue when an injury occurs. *Shehyn v. D.C.,* 392 A.2d 1008, 1013 (D.C.1978); *Weisberg v. Williams, Connolly & Califano,* 390 A.2d 992, 994 (D.C.1978). However, in cases such as this in which the relationship between tortious conduct and subsequent injury may be obscure, a "discovery rule" is applied to begin the statute of limitations' running at the time when a prospective plaintiff knows or should know through the exercise of due diligence of her right to recover, or, in other words, when she is put on "inquiry notice" of the existence of actionable harm. *Burns v. Bell,* 409 A.2d 614 (D.C.1979); *Kelton v. D.C.,* 413 A.2d 919 (D.C.1980); *Grigsby v. Sterling Drug, Inc.,* 428 F.Supp. 242 (D.D.C.1975), *aff'd,* 543 F.2d 417 (D.C.Cir.1976), *cert. denied,* 431 U.S. 967, 97 S.Ct. 2925, 53 L.Ed.2d 1063 (1977).

██ Although it appears that plaintiff may not have learned *with certainty* of her infertility until she underwent laparoscopy in January, 1981, it is indisputable that in January, 1980, when she wrote to Robins, she was fully cognizant of the fact that she had sustained injury to her reproductive organs and that defendant's product was the likely cause of that injury. Her own deposition testimony indicates that plaintiff had been made aware as early as 1975 of serious medical problems secondary to her PID.[2] (Indeed, there is evidence, albeit contradicted by her now, that plaintiff may also have suspected infertility by 1980, if not earlier).[3] But there is absolutely no doubt that as of January, 1980, plaintiff had actual knowledge of a serious physical debility, and of an explanation for it giving her a right to recompense from the party she believed to be responsible. *See Dawson v. Eli Lilly & Company,* 543 F.Supp. 1330 (D.D.C.1982). The fact that she did not then comprehend the full extent of *all* possible sequelae does not matter, for the law of limitations requires only that she have inquiry notice of the existence of a *cause of action* for personal injury. *Caldwell v. A.H. Robins Co.,* 577 F.Supp. 796, 797–98 (W.D.Pa.), *aff'd,* 735 F.2d 1347 (3d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 197, 83 L.Ed.2d 129, *reh'g denied,* —— U.S. ——, 105 S.Ct. 450, 83 L.Ed.2d 375 (1984); *Hulver v. U.S.,* 562 F.2d 1132, 1137 (8th Cir.1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1576, 55 L.Ed.2d 800, *reh'g denied,* 436 U.S. 923, 98 S.Ct. 2275, 56 L.Ed.2d 765

2. Plaintiff testified at deposition that:

I remember them telling me my tubes were messed up. Well, not those words but I remember I was told that my tubes had become infected. I remember that.

At a later point, plaintiff testified:

All I can remember, they kept using the expression pelvic inflammatory disease.
Q. What did you understand that to be?
A. It was a real bad infection of some type that all the female organs were somewhat messed up. That is the way I understood it.
Q. You understood that it affected your female organs?
A. Not then. I understood, what I just said, that female organs are your reproductive organs. They were just real bad.
Q. And that was in 1975?
A. Yes.

3. At deposition, plaintiff testified that she might have mentioned her suspected infertility during settlement negotiations with Aetna in 1980, and Aetna's claims representative at the time states in an unsworn declaration that plaintiff told her she suspected that she was partially infertile. In her affidavit executed subsequent to the filing of defendant's summary judgment motion, however, plaintiff denies ever having mentioned infertility during the settlement talks, and contradicts other portions of her deposition testimony. The Court does not base its holding on any of this conflicting evidence, but it notes that seven federal circuit courts of appeal have held that a nonmovant cannot defeat a summary judgment motion with an affidavit which contradicts, without explanation, his or her previous testimony. *See Albertson v. T.J. Stevenson & Company, Inc.,* 749 F.2d 223, 228 (5th Cir. 1984); *Perma Research and Development Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir.1969); *Barwick v. Celotex Corp.,* 736 F.2d 946, 959–60 (4th Cir.1984); *Biechele v. Cedar Point, Inc.,* 747 F.2d 209, 215 (6th Cir.1984); *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1364–66 (8th Cir.1983); *Radobenko v. Automated Equipment Corp.,* 520 F.2d 540, 543–44 (9th Cir. 1975); *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.,* 736 F.2d 656, 657–59 (11th Cir. 1984).

(1978).[4] Once in court, she may, of course, recover for both such conditions as she then has and those she can prove she is reasonably likely to develop in the future as a consequence of the defendant's wrongful conduct. But she must get to court within the statutory period. To hold otherwise would strip the statute of limitations of all utility as a statute of repose in any case in which nothing more than a plaintiff's advancing age, change of status, or the natural progression of a disease process, might compound the adverse effects of the original injury, thus starting the period of limitations running anew as each deficit materialized.[5]

■ Nor can plaintiff's failure to file suit in a timely fashion here be attributed to fraud or misrepresentation on defendant's part, thus equitably estopping Robins from asserting the defense of limitations. Assuming *arguendo* that Robins concealed from the public certain information as to the propensity of its product to cause injury, it cannot in any way be found to have lulled this plaintiff into inaction concerning her claim. *Nelson v. A.H. Robins Co.*, 515 F.Supp. 623, 625 (N.D.Cal.1981). Plaintiff aggressively pursued her claim herself altogether undeceived. Had she consulted an attorney, the attorney would undoubtedly have advised her to file suit prior to January, 1983, in order to preserve her right to recover for any anticipated future consequences, but he could not have added to her knowledge of her right to recover at all.

Therefore, for the foregoing reasons, it is, this 17th day of July, 1985,

ORDERED, that defendant's motion for summary judgment is granted, and the complaint is hereby dismissed with prejudice.

---

4. *But see Broecker v. A.H. Robins Company, Inc.*, Civil Action No. 83–2336 (D.D.C. January 14, 1985).

5. Plaintiff's claim for breach of warranty is likewise barred by the applicable statute of limitations. D.C.Code § 28:2–725(2) provides that a breach of warranty claim must be brought within four years of the breach, which occurs at "tender of delivery," whether plaintiff is aware of the breach or not. The only exception is where a warranty expressly extends to future performance, but there is no evidence that such is the case here, and the exception is therefore inapplicable. Tender of delivery having occurred in this case in 1971, when the Dalkon Shield was first inserted, plaintiff's breach of warranty claim is also time-barred. *See Timberlake v. A.H. Robins Co., Inc.*, 727 F.2d 1363, 1367 (5th Cir.1984) (applying Texas law).