John Paul McGOWAN, Plaintiff,

v.

John Carl WARNECKE, et
al., Defendants.

Civ. A. No. 90–0102.

United States District Court,
District of Columbia.

June 29, 1990.

John R. Dugan, Rockville, Md., for plaintiff.

George Zelma, New York City, for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

Plaintiff brought this action against the defendants for breach of contract and fraud. Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is diversity of citizen-

ship among the parties and the amount in controversy exceeds Fifty Thousand Dollars ($50,000.00). This matter is before the Court on defendants' motion to dismiss the second cause of action and to dismiss plaintiff's complaint in its entity. Defendants contend that the allegations of fraud contained in the second count of the complaint fail to state a claim upon which relief may be granted pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Further, defendants contend that the case must be dismissed for failure to meet the jurisdiction amount.

### I.

The parties agree that the essential elements of fraud are:

(1) A false representation, (2) concerning a material fact, (3) made with knowledge of its falsity and the intent to deceive or made recklessly, either in disregard of its truth, and (4) upon which reliance is placed.

*High v. McLean Financial Corp.*, 659 F.Supp. 1561, 1566 (D.D.C.1987); *Higgs v. Higgs*, 472 A.2d 875, 876 (D.C.App.1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### II.

The following are the facts as set forth in the complaint. From July 1976 to November 1, 1987, plaintiff was employed as an architect and for many years the Executive Vice President and Director of Design and Planning for John Carl Warnecke & Associates, Inc.[1] Complaint par. 4. On or about September 24, 1987, plaintiff confirmed by letter to the defendants his previously expressed intention to resign as an Executive Vice President and firm-wide Director of Design and Planning and expressed his plans to set up his own archi-

---

1. John Carl Warnecke & Associates is an architectural firm run by John Carl Warnecke. Complaint pars. 5, 6.

tectural firm. *Id.* par. 7. After attempts by the defendants to persuade him to stay failed, plaintiff agreed to act as an independent consultant to John Carl Warnecke and his firm and from November 1, 1987 performed those services over the next several months, which resulted in billings totalling over $20,700. *Id.* pars. 8, 9.

The defendants have paid plaintiff $5,000 for the services he rendered and have contended in numerous letters that the plaintiff was allegedly taking a client of the firm despite a clear indication from the client that there was no factual or legal basis for the contention. *Id.* par. 10. Following several discussions, meetings and exchange of correspondence between the attorneys, the parties agreed that a mediator could be of assistance to resolve the differences. *Id.* 13. A proposed compromise agreement was prepared by the mediator and executed by the plaintiff on October 12, 1988 and forwarded to the defendants for signature and ratification. *Id.* 14. The mediator's services were paid for by the parties. *Id.* The defendants never signed the proposed compromise agreement. *Id.* par. 15.

Upon information and belief, plaintiff contends that the defendants in their negotiations to sell the Washington, D.C. office and practice of their architectural firm, purported to market the value of this office based in part upon the alleged continued association of John Paul McGowan with the Washington office. *Id.* par. 21. The purchaser of the firm initially required the defendants in this action to resolve their differences with plaintiff, prior to their purchase of the Washington office. *Id.* In light of the effort by defendants to seek a higher price, the purchaser deleted this requirement. *Id.* The sale was consummated in the fall of 1988 without regard to whether plaintiff would be a part of the deal. *Id.*

### III.

Plaintiff contends that he has met the jurisdictional amount based on $15,700.00

owed him for the services he provided after November 1, 1987 and $600,000 in compensatory and punitive damages arising out of his claim of fraud. Absent the damages for the fraud claim, this Court does not have jurisdiction over this action. The initial question before the Court is whether the plaintiff has made out a claim for fraud.

Although plaintiff sets forth the elements of fraud, plaintiff fails to demonstrate how the facts in this case make out a claim for fraud. The crux of plaintiff's argument is that the defendants did not participate in the settlement talks in good faith, which is evident by the defendants' failure to approve the settlement agreement proposed by the mediator.[2] Plaintiff contends that the "sale of the Washington office was the primary purpose of the mediation; [t]herefore, the false representation is clearly demonstrated." Plaintiff's Memorandum In Opposition to Defendants' Motion to Dismiss at 6. Plaintiff does not provide any argument as to why the defendants' actions constitute false representation. It appears that plaintiff is suggesting that the defendants fraudulently induced him to enter into settlement negotiations not with the intention to resolve the dispute between them, but to resolve the dispute between them only if it would benefit the sale of the Washington office. Accepting plaintiff's contentions as true, plaintiff does not make out a claim for fraud. Plaintiff has not pointed to any "false representation" made by the defendants. Plaintiff at best has demonstrated that the defendants had a selfish motive in agreeing to negotiate with the plaintiff; specifically to achieve the sale of the Washington office. Once the settlement agreement would not benefit the sale of the Washington office, the defendants withdrew. Moreover, plaintiff has failed to demonstrate that any other elements of fraud are met. This Court concludes that the plaintiff has failed to state a claim for

---

**2.** Plaintiff states "[t]he acts of the defendants demonstrate that neither of the Defendants ever intended to enter into good faith negotiations and never intended to enter into any settlement agreement." Complaint par. 22.

fraud and the second count should be dismissed.

## IV.

Because the Court concludes that the second count for fraud must be dismissed, the Court must conclude that the case should be dismissed for failure to meet the jurisdictional amount.[3] The Court notes that the defendants have filed counterclaims for breach of contract, breach of duty, and abuse of process; however, the defendants have not set forth a separate jurisdictional basis for those claims in this Court. Accordingly, the counterclaims should be dismissed as well for lack of subject matter jurisdiction.

Further, upon careful review of the complaint and the entire record, the Court concludes that plaintiff had no good faith basis to bring this case in federal court. It is apparent to the Court that plaintiff raised the second count of fraud in order to establish jurisdiction in federal court. The Court concludes that the defendants are entitled to cost and reasonable attorney's fees in having to defend this suit in federal court. *See* Fed.R.Civ.P. 11.

## V.

For the reasons discussed above, the Court concludes that this case should be dismissed. An appropriate Order accompanies this Memorandum.

## ORDER

For the reasons discussed in the accompanying Memorandum, the Court concludes that this case should be dismissed.

It is hereby

ORDERED that defendants' motion to dismiss the second cause of action and to dismiss plaintiff's complaint in its entity is granted, it is further

ORDERED that defendants are entitled to cost and reasonable attorney's fees, it is further

ORDERED that defendants shall submit an affidavit to the Court on or before July

9, 1990 demonstrating the cost and reasonable attorney's fees incurred in this case, it is further

ORDERED that plaintiff may respond to defendants' affidavit regarding cost and are reasonable attorney's fees on or before July 20, 1990, it is further

ORDERED that all other pending motions in this case are denied as moot, it is further

ORDERED that this case is dismissed.

---

3. The remaining count is base on a claim for $15,700.00.