Peggy ROBINSON, Plaintiff,

v.

DAVIS MEMORIAL GOODWILL
INDUSTRIES, et al.,
Defendants.

Civ. A. No. 91–1085.

United States District Court,
District of Columbia.

April 22, 1992.

Morgan J. Hallman, Chevy Chase, Md., for plaintiff.

Arthur P. Rogers, Melanie E. Fields, Whiteford, Taylor & Preston, Washington, D.C., for defendants.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This case comes before the Court on the Defendants' Motion to Dismiss portions of Plaintiff's complaint. *See* Fed.R.Civ.P. 12(b). Plaintiff, a former employee of Defendant Davis Memorial Goodwill, brought this action against Goodwill and several officers and supervisors at Goodwill. She claims that defendants discriminated against her because of her race and gender during her employment at Goodwill and that she was eventually terminated on that basis in violation of federal law. She also appends a plethora of state law claims to her discrimination claim, including intentional infliction of emotional distress, tortious interference with contract, wrongful discharge, and violations of the D.C. Human Rights Act.

This Court declines to assert pendent jurisdiction over the state law portions of Plaintiff's complaint. Therefore, those portions of the complaint are dismissed without prejudice to their reinstitution in state

court. Because the Court finds that the Plaintiff's federal claims are sufficient to withstand a motion to dismiss, the Defendants' motion is denied with respect to those counts.[1]

## DISCUSSION

### A. State Law Claims

■ "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In this case the Plaintiff's federal claims revolve around a simple theory, that the defendants discriminated against her in her employment because of her sex and her race. The state counts, however, are a different matter. Those counts allege that the defendants violated the D.C. Human Rights Act, tortiously interfered with her employment contract, intentionally inflicted emotional distress on her, and wrongfully discharged her.

After reviewing the pleadings in this case, it is clear to the Court that what the Plaintiff has done is to include every possible state law employment claim in her complaint. The result is a narrative complaint that alleges a variety of motivations for the ill treatment to which Plaintiff claims she was subjected. Plaintiff alleges personal animus, Complaint at ¶ 19, retaliation, ¶ 16, favoritism towards friends, ¶ 13, and nepotism, ¶ 13, in addition to discrimination as the bases of her complaint. The pendent state law claims change the focus of Plaintiff's complaint. While the federal law counts focus on the important federal questions of race and gender discrimination, the state law counts are a general airing of grievances between a disgruntled employee and her former employer and supervisors.

The days are over when the federal courts have the luxury of hearing pendent state law claims in which a plaintiff does little more than sling a shapeless handful of mud at the wall of a federal court to see exactly what will stick. This "mud" causes the wheels of justice to spin in place, slowing the entire federal system. In addition, such scattered pleading muddies the waters in the case and can lead to significant jury confusion at trial.

■ Federal courts must objectively assess the merits of pendent state law claims included in a complaint. When such claims present different theories of a case and would considerably slow the processing of a federal claim, federal courts should exercise their discretion to proceed only on the federal claims. Because Plaintiff's state law claims would be better pursued in state court and because Plaintiff will be able to obtain full recovery for the Defendants' wrongful conduct if she is able to prove her case, her state law claims will be dismissed without prejudice to their reinstitution in state court.

### B. Federal Claims

■ Plaintiff alleges that the Defendants violated the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII, 42 U.S.C. § 2000e *et seq.,* because of the conditions and eventual termination of Plaintiff's employment. Defendants move for dismissal of Plaintiff's claim under the Equal Pay Act because Plaintiff's complaint "fails to allege facts sufficient" to support such a claim. Def.Mem. in Support of Motion to Dismiss at 5. The Defendants argue that Plaintiff has not named enough male employees who were paid more than she was and has not shown that those employees' jobs are sufficiently similar to hers to support a claim.

■ Unlike actions brought under the Constitution, Plaintiff is not held to a "heightened pleading" standard in cases brought under the Equal Pay Act. *Cf. Siegert v. Gilley,* —— U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Whitacre v. Davey,* 890 F.2d 1168 (D.C.Cir.1989). Rule 8 only requires Plaintiff make "a short

---

1. Plaintiff has also moved this Court for permission to amend her complaint. That motion is addressed in a separate opinion and Plaintiff has been granted leave to file an amended complaint to include appropriate damage claims and a jury trial demand.

plain statement of the claim." Fed. R.Civ.P. 8(a). This Plaintiff has been done. Plaintiff has alleged that male employees were compensated at a higher rate than she was. Complaint at ¶ 13. She has also alleged that these same males occupied less important positions than she held. Complaint ¶ 10–13. In the context of this motion to dismiss, the Court must construe the complaint in the light most favorable to the Plaintiff and take her allegations as true. *McGowan v. Warnecke*, 739 F.Supp. 662 (D.D.C.1990). Taken as true, such allegations are sufficient to state a claim under the Equal Pay Act. *See Laffey v. Northwest Airlines*, 567 F.2d 429 (D.C.Cir. 1976). Therefore Defendants' motion will be denied with respect to that count.

A separate Order accompanies this opinion.

### ORDER

Upon consideration of the entire record in the above-captioned matter, the Defendants' Motion to Dismiss, and the Plaintiff's opposition thereto it is this 15 day of April, 1992 hereby

ORDERED that the Defendants' Motion to Dismiss is GRANTED with respect to Count I, Count II, Count V, Count VI, and Count VII and it is

FURTHER ORDERED that Count I, Count II, Count V, Count VI, and Count VII are DISMISSED without prejudice to their reinstatement in state court and it is

FURTHER ORDERED that the Defendants' Motion to Dismiss is DENIED with respect to Count IV.