**Peggy ROBINSON, Plaintiff,**

v.

**DAVIS MEMORIAL GOODWILL INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 91–1085.**

United States District Court, District of Columbia.

Feb. 25, 1994.

Morgan J. Hallmon, Chevy Chase, MD, for plaintiff.

Arthur P. Rogers, Melanie E. Fields, Whiteford, Taylor & Preston, Washington, DC, for Davis Memorial Goodwill Industries, Inc., David C. Becker, Larry R. Garr, Essie M. Watts.

Melanie E. Fields, Whiteford, Taylor & Preston, Washington, DC, for Lester M. Wofford.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff Peggy Robinson, a former employee of defendant Davis Memorial Goodwill Industries, Inc. ("Goodwill"), filed this lawsuit in 1991 alleging that the defendants discriminated against her based on her sex and race in violation of Title VII of the Civil Rights Act of 1964 and of the Equal Pay Act ("the Act"). In her complaint, the plaintiff also brought pendent claims of intentional infliction of emotional distress, tortious interference with contractual relations, wrongful discharge, and violation of the District of Columbia Human Rights Act.

This Court dismissed the plaintiff's pendent claims without prejudice in 1992. 790 F.Supp. 333. The Court granted leave to the plaintiff to amend her complaint to add the 1991 jury trial provisions of Title VII, 790 F.Supp. 325, and the defendants appealed the ruling to the United States Court of Appeals for the District of Columbia. Accordingly, the Title VII portion of the plaintiff's complaint has been held in abeyance pending the outcome of the defendants' interlocutory appeal. As a result, only the alleged violations of the Act are presently before this Court.

On October 1, 1992, the defendants moved for entry of summary judgment on the plaintiff's claims under the Act. The Court held a hearing on the motion, reviewed the record, and is now prepared to rule. For the reasons provided below, the defendants' motion is granted.

### Standard for Summary Judgment

Summary judgment is appropriate when no material facts are in dispute and based on the undisputed facts, the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court faced with a summary judgment motion must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

The party moving for summary judgment bears the burden of identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the opposing party to go beyond the pleadings to offer evidence of specific facts which create a genuine issue for trial. *Id.* The evidence produced must entitle the opposing party, assuming his version of events to be true, to judgment as a matter of law. *General Communications Eng'g, Inc. v. Motorola Communications and Elecs., Inc.,* 421 F.Supp. 274, 279 (N.D.Cal.1976) (quoting *McGuire v. Columbia Broadcasting Sys.,* 399 F.2d 902, 905 (9th Cir.1968)). If the oppos-

ing party fails to make such a showing, the moving party is entitled to summary judgment.

Thus, the defendants bear the burden of demonstrating, based on the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that no genuine issue of material fact exists. A fact is not material for the purposes of deciding a summary judgment motion if it is not necessary to the decision. *See Johns Hopkins Univ. v. Hutton*, 297 F.Supp. 1165, 1198 (D.C.Md.1968), *rev'd in part on other grounds*, 422 F.2d 1124 (4th Cir.1970). Defendants claim that they are entitled to summary judgment on the issue of whether plaintiff was paid less than similarly situated male employees in violation of the Equal Pay Act.

### Equal Pay Act

■ A plaintiff alleging unequal pay in violation of the Act must show that she was paid less than male employees "for equal work on jobs the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions." 29 U.S.C. 206(d)(1); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C.Cir.1976). The legal standard to be applied in judging equality of jobs under the Act is the "substantially equal" test. *Schultz v. Wheaton Glass Co.*, 421 F.2d 259 (3rd Cir.1970), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1696, 26 L.Ed.2d 64 (1970). The substantially equal test adopted by the courts makes clear that the "equal work" language of the Act strikes a balance between the requirement that the jobs be "comparable" and the more stringent requirement that they be identical. *Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1982). Disproportionate pay for substantially equal jobs violates the Act unless the inequity in pay is due to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other factor other than sex. 29 U.S.C. § 206(d)(1) (1970).

### Analysis

■ During her tenure at Goodwill, plaintiff held the position of Soft Goods Manager. Her duties and responsibilities included sorting incoming soft goods, e.g. clothing, that arrived at the main Goodwill plant in the District of Columbia and storing at the plant those soft goods not sent immediately to storage. She also supervised approximately 20 part-time workers in her department. Plaintiff alleges that Goodwill violated the Equal Pay Act by paying her former co-workers and defendants, Essie Watts,[1] Larry Garr, David Becker and Lester Wofford more than she for jobs requiring equal skill, equal effort and equal responsibility, and those differences in pay were based on sex. On the other hand, defendants maintain that the positions, duties and responsibilities of the individual defendants were not substantially equal to that of the plaintiff, therefore, she cannot prevail on her Equal Pay Act claims.

At the hearing on this motion, Plaintiff withdrew from the Court's consideration any comparison of her job with individual defendants other than Larry Garr. She stipulated that for the purposes of deciding the motion the Court could limit its focus to whether defendant Larry Garr ("Garr") was paid more than she for equal work. Accordingly, the Court will compare only Garr's job as Used Car Manager with that of the plaintiff.

There is little dispute on the record as to Garr's essential duties and responsibilities at Goodwill. During the plaintiff's tenure at Goodwill, Garr was the Used Car Manager and was later promoted to Operations Manager. As the Used Car Manager from May 1988 to September 1988, Garr was responsible for accepting used cars donated to Goodwill, monitoring the title of those vehicles, pricing them and preparing them for resale.[2] As such, he was required to have knowledge of Blue Book pricing, title registration and

---

1. It is undisputed that Essie Watts, employed by Goodwill as a Hard Goods Manager, is a woman. Therefore, any discrepancy between her salary and that of the plaintiff is not material to plaintiff's claim under the Equal Pay Act.

2. The responsibilities of the Used Car Manager are listed in Goodwill's job description of the position. The Court is aware of the perils of relying too heavily on job descriptions in these matters and also extends its analysis to the day-to-day activities of the job.

associated paper work. Mr. Garr's duties as Operations Manager, as spelled out in his job description, are to manage the day to day requirements of Goodwill's transportation, production and salvage departments. The Operations Manager is the immediate supervisor of all department heads and supervisors of the departments including the Soft Goods Manager.

The plaintiff's argument in opposition to the motion is that there is sufficient evidence in the record showing a material issue for trial, therefore, summary judgment should be denied. She maintains in her opposition to the motion that the jobs of Used Car Manager and Soft Goods Manager required equal skill in performance, equal effort, equal responsibility and were performed under similar working conditions. Upon close reading, the plaintiff essentially argues that the jobs required equal skill, effort and responsibility because both positions were supervisory ones and the persons occupying them generated management reports. Her argument that the jobs were performed under similar working conditions is the somewhat simplistic and conclusory one that the jobs were performed at the same Goodwill plant in the District of Columbia. These statements are not disputed and they do not satisfy plaintiff's burden of production under the summary judgment standard.

The plaintiff offers the affidavit of Earleen Hughes, the personnel Manager at Goodwill from October 1986 to January 1991 in support of her claims under the Act. With respect to the plaintiff's claim against Garr, Ms. Hughes compares the salaries of the Used Car Manager and the Soft Goods Manager while the plaintiff and Garr were both employed at Goodwill. The affidavit states that on the date of his hiring on May 18, 1988, Garr received an annual salary of $31,200.00 while on September 19, 1988, the plaintiff was paid $12,480 per year as Soft Goods Manager. It further states that the plaintiff's salary on the date of her termination on September 11, 1990 was $16,120 per year. It sheds no light, however, on the issue of the substantial equality of their respective jobs.

The plaintiff also suggests that Garr's own deposition testimony reveals that as Used Car Manager he was really a data entry clerk who supervised another data entry clerk and an employee who cleaned the automobiles. The passages of the deposition transcript cited by the plaintiff simply do not support such a conclusion. Moreover, the Court finds nothing in the record to support the plaintiff's characterization of events.

Finally, the plaintiff raises the issue of whether Mr. Garr priced the cars that were sold at auction. She contends that although the Used Car Manager was responsible for pricing the cars for sale and collecting the auction proceeds, the actual pricing of cars was done primarily by Lester Wofford, the Vice President of Operations. The defendants submitted, as a part of a supplement to their summary judgment motion, the affidavit of Lester Wofford in which he states that Mr. Garr was "responsible for the pricing of donated cars for resale." The plaintiff also deposed Mr. Wofford. In his deposition, he stated that Garr priced the donated cars that were sold at auction. The plaintiff had the opportunity to question Mr. Wofford about his statement but failed to do so.

The plaintiff similarly failed to take issue with Garr's statements under oath that he priced the donated cars. In a November 25, 1992 deposition, Garr testified that he "made decisions on what a car should sell for" and "put a price on what it should sell for." Again, the plaintiff had ample opportunity to examine Mr. Garr further about his assertions but apparently chose not to do so.

The plaintiff seems to take the position that a dispute as to whether Garr priced cars is a disputed material fact, therefore, she must survive summary judgment. The defendants posit that if Garr did indeed price the cars when he was employed as Used Car Manager, that responsibility is of such magnitude as to render any comparison of the two jobs under the Act meaningless. The Court is of the same view. The trust Goodwill chooses to place in an employee responsible for pricing goods sold at auction would seem to justify higher pay for that employee.

However, even if this Court were to accept as true the plaintiff's allegations that Garr's

duties did not include the pricing of donated cars, the undisputed facts still would require granting the motion for summary judgment. The two jobs are not substantially equal as that term is defined in *Thompson.* Quite apart from the issue of pricing goods, the two jobs are sufficiently different both in responsibilities and day to day duties for this Court to find as a matter of law that the pay discrepancy between the plaintiff and Garr does not violate the provisions of the Equal Pay Act.

*CONCLUSION*

The defendants have carried their burden of demonstrating that no genuine issue of material fact exists. The plaintiff has not offered evidence of a genuine issue for trial. The Court finds on the record before it that the jobs are not substantially equal under the Act and that the defendants are entitled to prevail as a matter of law. Therefore, the defendants' motion for summary judgment with respect to plaintiff's claims under the Act is granted.